UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60183-CR-COHN
Case No. 12-6050-RSR

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHELLE AUSTIN-WILKS,

       Defendant.
                               /

## **ORDER**

This matter is before the Court upon Defendant's Motion to Re-Open Detention Hearing [Case No. 11-60183, D.E. 127; Case No. 12-6050 D.E. 6]. In the Detention Order [Case No. 11-60183, D.E. 123; Case No. 12-6050, D.E. 4], the Court ordered detention on the basis of risk of flight. In support of that finding, the Court explained,

> Although Defendant is a United States citizen and her mother and sister reside in the Southern District of Florida, on July 28, 2008, Defendant left the United States with her two minor children and husband, who was, at that time, a permanent legal resident of the United States. From that time until she was arrested in Jamaica in Case No. 11-60183, Defendant and her family resided in Jamaica, where her husband is a citizen.
>
> Relevant to the Court's inquiry into risk of flight are the circumstances under which Defendant left the United States to reside in Jamaica. According to the unrebutted proffer of the Government, the attorney for the title-insurance underwriter in several of the cases where Defendant acted as the title agent subpoenaed Defendant's records from the attorney for Defendant's company Fantastic Title Services, Inc. When Defendant learned that her title company's attorney had turned over the subpoenaed records, she filed a lawsuit

in state court in Broward County, seeking return of the records. The state court awarded the relief that Defendant sought, but before she could obtain the records, the United States filed an emergency motion in federal court on May 28, 2008, seeking to prevent the state order from taking effect. According to the Government, the records were being sought in the course of a grand-jury investigation. After a hearing that Defendant attended, Judge Zloch granted the Government's motion. In the meantime, however, Plaintiff's bank records reflect the following transactions:

| | |
|---|---|
| 5/9/08: | $5,000 check to criminal defense attorney |
| 6/2/08: | $2,000 check and $10,000 check to criminal defense attorney |
| 6/6/08: | $10,000 wire transfer to criminal defense attorney |

Defendant's presence at the hearing before Judge Zloch and the transactions set forth above clearly demonstrate that approximately a month and a half later, when Defendant left the United States for Jamaica, she was well aware of the fact that the Government was conducting a criminal investigation into her activities.

In addition, approximately two weeks after Defendant left the United States, her mother wired her money in Jamaica. According to the Government, the money that Defendant's mother wired originated from Defendant's company's escrow account.

Case No. 11-60183, D.E. 123 at 3-4; Case No. 12-6050, D.E. 4 at 3-4.

The day after the Court issued its Detention Order, the United States filed its Notice Filed Pursuant to Rule 4-3.3 of the Rules Regulating the Florida Bar Regarding Factual Correction to the Government's Supplemental PTD Proffer on February 14, 2012 ("Government's Notice") [Case No. 11-60183, D.E. 124; Case No. 12-6050, D.E. 7[1]]. In the Government's Notice, the Government indicated that some of its statements during the detention hearing, which the Court cited in the Detention Order, were incorrect. More specifically, the Government made the following corrections:

On May 9, 2008, [the attorney for the title-insurance underwriter] received a federal Grand Jury subpoena for the title files belonging to

---

[1] In Case No. 12-6050, the Government filed its Notice on February 22, 2012.

> [Defendant's company]. At the time of the federal subpoena, attorneys representing [Defendant] and [her company] had initiated state-court proceedings where, among other things, they were requesting return of the *original* [Defendant's company] files in [the attorney for the title-insurance underwriter's] possession.
>
> On May 28, 2008 at approximately 1:30 p.m. there was a state-court hearing which produced a state court order requiring [the attorney for the title-insurance underwriter] to return the *original* title files to . . . the listed attorney for [Defendant's company], despite the outstanding Federal Grand Jury subpoena. Defendant[']s . . . counsel was present at this hearing and the existence of the Federal Grand Jury subpoena was extensively discussed at the state court hearing. The state court's ruling prompted the United States to file an ex-parte motion with Judge Zloch for relief via an ex-parte hearing where the defendant was not present.
>
> Subsequently, on May 28, 2008, Judge Zloch issued his order at approximately 4:43 p.m., quashing the state court's order and requiring [the attorney for the title-insurance underwriter] to retain the *original* title files. . . .
>
> On May 29, 2008, [the attorney for the title-insurance underwriter] — having received a copy of Judge Zloch's Order and having delivered a copy of the Order to the state court — produced the *original* title files to the federal Grand Jury.

*Id.* at 1-2 (emphasis in original). Thus, although Defendant was not present for the hearing before Judge Zloch as the Government had represented during the February 14, 2012, detention proceedings, it is clear that she nonetheless knew about the federal grand jury investigation. First, counsel for her company appeared at the state-court hearing on May 28, 2008, where the grand-jury subpoena was "extensively discussed." Second, Defendant's bank-account transactions further demonstrate that she was aware of the investigation, as she paid criminal defense counsel on May 9, 2008, and just a few days following the May 28, 2008, state-court hearings. Indeed, when the Court ordered detention, it noted that the decision was based not only on what it thought at the time

to have been Defendant's presence at the May 28, 2008, hearing before Judge Zloch but also on the events described above. *See* Case No. 11-60183, D.E. 123 at 4; Case No. 12-6050, D.E. 4 at 4 ("Defendant's presence at the hearing before Judge Zloch *and the transactions set forth* above clearly demonstrate that approximately a month and a half later, when Defendant left the United States for Jamaica, she was well aware of the fact that the Government was conducting a criminal investigation into her activities.") (emphasis added). Because the basis for the order of detention remains, despite the Government's correction to its proffer, Defendant's Motion to Re-Open Detention Hearing is **DENIED**.

**DONE AND ORDERED** this 23rd day of February 2012.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc: Hon. James I. Cohn

Counsel of Record